Filed 4/12/16  P. v. Acosta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN RUBEN ACOSTA,<br><br>    Defendant and Appellant. | D069300<br><br><br>(Super. Ct. No. SCD176268) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Michele Anne Cella, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In February 2004, Juan Ruben Acosta pleaded guilty to assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)).   Acosta was sentenced to prison for a four-year term.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

In 2007, Acosta was found to be a mentally disordered offender (MDO) within the meaning of section 2962. Acosta was committed to Patton State Hospital for a period of one year and has been recommitted seven times since then.

In 2015 the District Attorney again filed a petition to continue Acosta as a MDO. Thereafter, Acosta, represented by counsel, personally waived his right to a jury trial and his right to confrontation, right to testify and present evidence and his privilege to remain silent. The trial was conducted based only on the written reports of two psychologists who had evaluated Acosta. The court found Acosta continued to qualify as a MDO. Acosta was recommitted for another one-year period.

Acosta filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating she has been unable to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Acosta the opportunity to file his own brief on appeal but he has not responded.

STATEMENT OF FACTS

Mr. Acosta was first diagnosed with a mental disorder when he was incarcerated in Texas. He had a history of homelessness. He was charged in 2003 in California with assault with a deadly weapon after stabbing a man, and in 2003 was committed to the Department of Mental Health. He was initially admitted to Patton in 2003 because he was mentally incompetent to stand trial.

2

At the time of his initial admission to Patton, he said he heard voices telling him to cut people, and saw many spirits. He was diagnosed with paranoid schizophrenia, polysubstance dependence and personality disorder with antisocial features.

By the time of the May 5, 2015 letter to the District Attorney from Patton, Mr. Acosta was 50 years old. In February 2015 he briefly entered an intensive substance abuse treatment program, but dropped out of it because it was too difficult. He had only attended 63 percent of his assigned groups during the previous treatment year. However, he did not commit any physical assaults, threaten another person, or destroy hospital property. He was cooperative with his antipsychotic medication. The only incident that occurred within the past year was that he inappropriately scratched his crotch in front of female peers. He has poor insight into his mental illness and a long history of noncompliance with treatment.

Psychologist David L. Bloch, Ph.D., wrote an evaluation saying Mr. Acosta is a bully and can demonstrate angry and irritable behavior. He opined that Mr. Acosta met MDO criteria, that his mental illness was not in remission and that could not be kept in remission without continued treatment because he did not follow his treatment plan as a reasonable person would. Also, Mr. Acosta represented a substantial danger of causing physical harm to others because of his lack of insight into his mental illness and because he had made a threat. At one point he told a staff member to "watch out," and that was "not a threat, but a promise." He was not recommended for CONREP eligibility. Dr. Bloch recommended Mr. Acosta be considered for CONREP in a six-month period.

3

Randy E. Scotland, Ph.D., conducted another evaluation. He concluded that Mr. Acosta's mental disorder was not in remission, and that he continued to exhibit symptoms of paranoia and schizophrenia. He also opined that Mr. Acosta had "a long history of aggressive, violent, and threatening behavior towards others and staff due to paranoia and poor impulse control. . . . He has poor insight into his mental illness [and] a long history of noncompliance with treatment." Dr. Scotland concluded that Mr. Acosta's mental disorder was not in remission, he represented a substantial danger of physical harm to others, and he could not be successfully treated on an outpatient basis.

DISCUSSION

As we have indicated, appellate counsel has asked this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. As required by *Anders v. California* (1967) 386 U.S. 738, counsel has identified the following possible, but not reasonably arguable issue:

Whether Acosta knowingly and voluntarily waived his right to a jury trial for the recommitment proceeding.

We have reviewed the entire record and have not identified any reasonably arguable issue for reversal on appeal. Competent counsel has represented Acosta on this appeal.

4

DISPOSITION

The judgment is affirmed.


                                                                    HUFFMAN, J.

WE CONCUR:


        BENKE, Acting P. J.


            NARES, J.